IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Christian Narkiewicz-Laine, )
)
    Plaintiff, )
)
v. ) No. 14 CV 50098
) Magistrate Judge Iain D. Johnston
Aer Lingus Limited, et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

This case involves a claim under the Convention for the Unification of Certain Rules for International Carriage by Air, in which Christian Narkiewicz-Laine ("Plaintiff") alleges he was injured when a flight attendant struck him in the head with a bag as she walked down the aisle of an Aer Lingus Limited ("Defendant") airplane. Currently, pending before the Court is Defendant's summary judgment motion ("Motion"). Dkt. # 39. The Motion is fully briefed. Dkt. ## 39, 40, 46, 47. Additionally, on August 18, 2015, the Court held a telephonic hearing regarding the Motion. For the reasons stated below, the Motion is granted, in part, and denied, in part. This matter is set for a telephonic status hearing on August 27, 2015, at 1:30 p.m.

## FACTS[1]

Plaintiff is a resident of Illinois and citizen of the United States. Defendant is a foreign company, with its principal place of business in Dublin, Ireland.

---

[1] The facts are developed from the parties' Local Rule 56.1 statements of fact. With only minor exceptions, the parties have complied with this rule. On a few occasions, the Court was left to scour the record to locate certain facts. In its discretion, the Court has included some of these facts into the Memorandum Opinion and Order. The overall facts are generally not disputed, with two exceptions. First, Defendant disputes that its flight attendant struck Plaintiff's head. Second, Defendant disputes that Plaintiff suffered a seizure. The first disputed fact is not material in that Defendant has conceded, for purposes of summary judgment only, that being struck on the head constitutes an accident. Defendants argue, however, that regardless of whether an accident actually occurred, Plaintiff cannot show that such an accident caused him to sustain a bodily injury. The second disputed fact is key to this Memorandum Opinion and Order, and is more fully discussed.

1

Jurisdiction is provided under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Unification of Certain Rules for International Carriage by Air, Art. 33, May 28, 1999, S. Treaty Doc. No. 106-45 (2000), *available at* 1999 WL 33292734 (2000) (hereinafter "Montreal Convention"), as well as under diversity jurisdiction, 28 U.S.C. § 1332(a).

On May 12, 2012, Plaintiff was a passenger on Aer Lingus flight EI629, traveling from Helsinki, Finland to Dublin, Ireland. Plaintiff was travelling with Kieran Conlon, who was seated next to Plaintiff in the same row. Another passenger was seated across the aisle from Plaintiff.

During the flight, Plaintiff claims that while he was sleeping, he was struck in the head by a piece of luggage or handbag that a flight attendant was carrying down the aisle. After being struck, Plaintiff looked back and saw a flight attendant pushing past passengers; she was carrying a bag. According to Conlon, passengers were in the aisle, lined up to use the restroom. Although Conlon's eyes were closed, he heard a flight attendant say "excuse me, excuse me". Conlon then heard a "thud" and Plaintiff swear. Plaintiff then walked back to the galley and confronted the flight attendants.

Plaintiff claims that after he returned to his seat, he saw a blue light and smelled something metallic. Plaintiff also felt "fuzzy," "semiconscious" and "terrified". Plaintiff also believed that the flight may have been hijacked. Plaintiff did not request medical attention during the flight.

Both Plaintiff and Conlon have made sworn statements regarding the possible consequence of Plaintiff allegedly being struck by the bag. According to Plaintiff, he believed that he suffered a seizure and that he has a history of seizures from a previous head injury. Conlon claims that Plaintiff's "appearance was similar to other people [he] observed suffering from seizures in the past." Indeed, in 2002, Plaintiff was involved in a traffic collision, resulting in a head injury. Consequently, he was prescribed and was taking anti-seizure medication on May 12, 2012. The 2002 head injury caused dizziness, vertigo, headaches and memory loss. But Plaintiff had not had a seizure since 2007.

After the flight arrived and Plaintiff and Conlon spoke with the flight crew, an ambulance was called for Plaintiff. The ambulance took Plaintiff to Beaumont Hospital in Dublin, Ireland for medical treatment. Plaintiff was treated and released. He flew home two days later without incident. Upon returning home, Plaintiff was treated by his primary care physician, at which time he complained of dizziness, vertigo and headaches. According to the medical records, Plaintiff complained of being "hit in head by piece of luggage – had a seizure."

Plaintiff has identified no expert witnesses under Federal Rule of Civil Procedure 26(a)(2). To be clear, Plaintiff has not identified retained expert witnesses who are required to write and provide reports under Rule 26(a)(2)(B). He has also failed to identify expert witnesses who are not required to write and provide reports, but for whom Plaintiff would be required to submit a summary report, under Rule 26(a)(2)(c).

In contrast, Defendant has identified a retained expert witness, who has provided a report under Rule 26(a)(2)(B). Defendant's expert witness is a neurologist named Dr. Jeffrey Loeb. Among other things, Dr. Loeb opined that, to a reasonable degree of medical certainty, Plaintiff did *not* suffer a seizure when he was allegedly hit on the head with the bag, nor did the blow aggravate a pre-existing seizure condition. Instead, Dr. Loeb opined that Plaintiff suffered a panic attack, unrelated to any bodily injury.

## CONTENTIONS

In relevant part, Plaintiff's Complaint alleges the following: "While on the flight Plaintiff was injured when he was struck in the head with a heavy object believed to be a piece of luggage being handled by an Aer Lingus flight attendant[]. Defendants were negligent in the following particulars: a) Striking Plaintiff in the head with handled luggage or bags; . . . c) In failing to render aid to Plaintiff after his injury and subsequent seizure." Dkt. #1, p. 2. The Complaint then goes on to allege the following: "As a proximate result [sic] being struck on the head as a result of Defendants' negligence *Plaintiff was injured*, suffered a seizure and a reoccurrence of seizure and post-seizure symptoms, including vertigo, nausea, loss of concentration, incurred medical expense, suffered loss of driving privilege, and an aggravation of pre-existing seizure disorder." *Id.* (Italics added.)

Defendant's Motion focuses on Plaintiff's allegations that the "accident" caused a seizure, a reoccurrence of seizure symptoms, and aggravated a pre-existing seizure disorder. Defendant's argument is logical and straight-forward. First, Plaintiff failed to identify any expert witnesses under Rule 26(a)(2), both retained expert witnesses and non-retained expert witnesses. Second, without an expert witness, Plaintiff cannot present evidence that being struck on the head with a bag can cause a seizure or an aggravation or reoccurrence of a seizure disorder. Third, because Plaintiff cannot establish a causal link between the hit to the head and Plaintiff's alleged seizure and seizure issues, Defendant is entitled to summary judgment.

Defendant's syllogism is correct – as far as it goes. The Motion's focus is over the extent of a "bodily injury." But Plaintiff's failure to establish that the accident caused a seizure or seizure related issues does not mean that Plaintiff has failed to present a triable issue of material fact. Despite the lack of an expert to support

3

causation, on this summary judgment record, as a result of the physical impact of being hit on the head with a bag (i.e., an accident), while on board Defendant's aircraft, he suffered a bodily injury (namely, headaches, nausea and dizziness). In other words, Defendant is not entitled to *judgment* as a matter of law. A legal claim still survives, albeit a very small and not very strong claim. Under the facts that the Court must accept as true for summary judgment purposes, an accident occurred resulting in a bodily injury.

## ANALYSIS

A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment shall be granted if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009). In making this determination, the non-movant is entitled to reasonable inferences drawn by the court, not every conceivable inference. *Gleason v. Mesirow Financial*, 118 F.3d 1134, 1139 (7th Cir. 1997). A dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, if a plaintiff has not put forward evidence to support every element of his claim, summary judgment should be granted. *Griffen v. Potter*, 356 F.3d 824, 828 (7th Cir. 2004); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). And a fact is "material" if it would affect the outcome under the governing, substantive law at issue in the case. *Anderson*, 477 U.S. at 248.

B. Elements of Plaintiff's Claim

This case involves the Montreal Convention, which became law, when the treaty was approved. The Montreal Convention superseded the Warsaw Convention.[2] The applicable article under the Montreal Convention, as it would have been under the Warsaw Convention, is Article 17. Indeed, the explanatory note states "[i]t is expected that this provision will be construed consistently with the precedent developed under the Warsaw Convention and its related instruments." The relevant portion of Article 17 states the following: "The carrier is liable for damages sustained in case of . . . bodily injury of a passenger upon condition only that the accident which caused the . . . injury took place on board the aircraft." Montreal Convention, Art. 17(1). Accordingly, the elements of a plaintiff's claim for bodily injury are (1) an accident, (2) that took place on board the aircraft, (3) which caused (4) an injury. *Gupta v. Austrian Airlines*, 211 F. Supp. 2d 1078, 1082 (N.D. Ill. 2002); *see also Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530, 535-36 (1991) (identifying elements under Warsaw convention to be an accident in which

---

[2] *See Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780-81 (7th Cir. 2008).

the passenger suffered "mort," or "blessure" and the accident took place on board the aircraft). In analyzing Article 17 of the Warsaw Convention, the Supreme Court was forced to interpret the French term "blessure." *Eastern Airlines*, 499 U.S. at 536.[3] In doing so, the Court noted that there was agreement that the term "blessure" meant "physical impact." *Id.* at 536 n.4.

C. Although Plaintiff Will Not Be Able to Present Testimony Regarding Seizures, He Has a Viable Claim Requiring a Trial

The Court will address the recognized elements of Plaintiff's claim. First, for purposes of summary judgment, Defendant has stipulated that being struck on the head constitutes an "accident.". Dkt. # 39, p. 5. Although Defendant does not concede that an accident actually occurred, this does not affect this Court's analysis on the Motion. Second, there is no dispute that the alleged accident occurred on board one of Defendant's aircrafts. The other two elements of Plaintiff's claim are the focus of the Motion.

It is true that Plaintiff's complaint alleges that the hit to his head caused a seizure and aggravated a pre-existing seizure disorder. Dkt. #1, p. 2. It is also true that Plaintiff has not identified any witness who can testify to causation. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is now allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."). Therefore, without an expert to testify, Plaintiff is unable to show that the hit to the head *caused* a seizure and aggravated a pre-existing seizure disorder. *See* Fed. R. Evid. 701 (providing that a lay witness may not offer testimony "based on scientific, technical, or other specialized knowledge"); *Schmaltz v. Norfolk & Wy. Ry.*, 896 F. Supp. 180, 182 (N.D. Ill. 1995) ("Expert testimony is generally required to establish a causal connection between an accident and an injury "unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.") (internal quotation marks and citation omitted).

But it is also true that Plaintiff's Complaint alleged that the blow to his head injured him and caused various physical manifestations of the injury, including, vertigo, nausea, and loss of concentration, as well as medical bills. Dkt. #1, p. 2. Plaintiff's deposition provides the necessary evidence sufficient to survive summary judgment to support the Complaint's allegations. Dkt. # 39-4, p. 34 ("I just remember I was in a lot of pain."), p. 36 ("Q: Did you have a bump or bruise on your head? A: Yes."); p. 73 (ailments included "dizziness, vertigo, headaches, extreme vertigo"). Expert testimony is not required for this evidence. *See Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) (allowing plaintiff to describe pain resulting from attack where there was "no … complicated question of medical

---

[3] Despite the location of the Warsaw Convention, the document was drafted in French.

causation."). A plaintiff can testify as to the manifestations of an injury. *See Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 821 (N.D. Ill. 2010) (finding that lay witnesses were "entitled to testify about their own perceptions, including the physical and emotional effects of the defendants' alleged conduct"). In this regard, causation as to Plaintiff's alleged dizziness, nausea, loss of concentration and headaches is a question of fact for the jury to decide. *See Hendrickson*, 589 F.3d at 892 ("No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations."); *Ledford v. Sullivan*, 105 F.3d 354, 359-60 (7th Cir. 1997) (finding that the jury could determine whether the plaintiff had serious medical needs because the plaintiff's symptoms, including nausea and dizziness, were not beyond the grasp of lay jurors). In summary, admissible evidence exists that Plaintiff suffered a physical impact to his head that caused a bodily injury; albeit not an injury to the extent alleged in the Complaint.

The fact that Plaintiff cannot establish now and will not be allowed to present evidence at trial that the alleged hit to the head caused a seizure and aggravated a pre-existing seizure disorder does not negate that he claims that following the hit to the head he suffered a bodily injury that manifested itself in a variety of ways.

Plaintiff may not be able to convince a jury that (1) he was, in fact, hit on the head by the flight attendant or (2) that even if he was, that he suffered the physical manifestations of the alleged blow (particularly in light of Dr. Loeb's opinion). Moreover, Plaintiff may have a difficult time establishing damages, particularly with Plaintiff's damages capped by the Montreal Convention. But on summary judgment, the Court is not allowed to weigh the evidence or determine if the claim has sufficient possible monetary recovery to go to trial. *See Sweeny v. City of West Chicago*, No. 08 C 2223, 2010 U.S. Dist. LEXIS 47928, at *22-23 (N.D. Ill. May 14, 2010) (finding a determination on damages premature where the court found triable issues of fact as to liability). The fact that a modest possible recovery is even more modest does not allow the Court to enter judgment as a matter of law.

During the August 18, 2015 hearing on the Motion, Defendant cited to *Carey v. United Airlines*, 255 F.3d 1044 (9th Cir. 2001), which was not cited in the briefs. *Carey* is distinguishable. In *Carey*, no physical impact occurred. The claims in *Carey* were based entirely on mental and emotional distress. Here, for summary judgment purposes, the physical impact to the head by the bag resulted in bodily injury, such as being "in a lot of pain." At the hearing, Defendant correctly noted that there was no evidence of a laceration, but that fact goes to (a) the extent of the bodily injury, if any, and (b) the credibility of Plaintiff's claim that he was struck.

6

## CONCLUSION

Defendant's Motion is granted to the following extent. At trial, Plaintiff cannot assert a claim that being struck on the head by the bag caused him to suffer a seizure, caused any reoccurrence of seizures or aggravated a pre-existing seizure disorder. (Plaintiff's assertion that the blow loosened his teeth has already been abandoned by Plaintiff.) Plaintiff is barred from offering any opinion as to any diagnoses of his injury, including, but not limited to, a seizure. Plaintiff's claim may proceed to trial, during which time he can testify as to the incident and the physical manifestations of the alleged injury, such as dizziness and headaches, caused by the physical impact to his head by the bag. Defendant will be allowed to offer Dr. Loeb's expert testimony, consistent with his expert disclosure.

In light of this ruling, both sides may want to consider whether a trial is the best use of their resources. And Plaintiff should be aware that costs will likely be imposed if judgment is entered in favor of Defendant. *See* 28 U.S.C. §1920.

Entered: August 21, 2015

By:_____
Iain D. Johnston
U.S. Magistrate Judge